## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ERIC WOELBING,
5619 Nicholson Road
Franksville, WI 53126

       *Plaintiff,*

      v.

LIGHT FORCE LLC, d/b/a LIGHT
FORCE ELECTRICAL SERVICES LLC,
621 SW 9th Street
Pompano Beach, FL 33060,

ROBERT SMITH,
2909 Fairchild Ct.
Tallahassee, FL 32309

JAMES SENELLO,
621 SW 9TH STREET
Pompano Beach, FL 33060

JAY STEWART, TOM GLAZE,
and JOHN DOES 1-5,
addresses unknown,

       *Defendants.*

Case No. _____

---

## COMPLAINT

---

    NOW COMES the Plaintiff, Eric Woelbing, by his attorney M. Samir Siddique, SIDDIQUE LAW LLC, and by and for his Complaint in this matter, states as follows:

### SUMMARY

    1. This case seeks damages for injuries suffered from breach of contract, conversion, and fraudulent business practices by a Florida business operated as a racket by the individual named defendants. This suit makes claims against those individuals under the RICO statute and includes pendant state claims against the business itself.

## JURISDICTION AND VENUE

2. Jurisdiction is secured under 28 U.S.C. § 1331 because it presents federal questions under the TFCA; jurisdiction is also independently established under the RICO Act which provides for federal jurisdiction 18 U.S.C. § 1964. Pendant state claims fund jurisdiction under 28 U.S.C. § 1367.

3. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. § 1391(b)(2), because at least one of the claims occurred within the district, and under 18 U.S.C. § 1965 and 28 U.S.C. § 1391(c)(2) because the defendant business is a resident of and is subject to the personal jurisdiction in the district.

## PARTIES

4. Eric Woelbing is an adult residing in the State of Wisconsin who also owns a house in Florida.

5. Light Force LLC is an active Florida limited liability company with EIN Number ending in -5537. It lists primary addresses in Tallahassee and Pompano Beach, Florida. Its primary activity is the installation of Generac electric power generators in residences in Florida. In this Complaint, Light Force LLC may be referred to as "Light Force" and the remaining defendants collectively as "the individual defendants."

6. Tom Glaze ("Glaze") is a Project Manager for Light Force operating from its office closest to Plaintiff's Florida property.

7. Jay Stewart is Business Operations, Sales, and Project Manager for Light Force and on information and belief, the manager of the Light Force office closest to Plaintiff's Florida property.

8. Robert Smith is identified in public documents as Light Force's "Manager," and on information and belief is the owner or chief executive officer of Light Force.

9. James Senello is identified in public documents as Light Force's "Officer," and on information and belief serves a management role in the operation of Light Force.

10. John Does 1-5 are other individuals employed by or otherwise helping to advance the fraudulent activities of Light Force whose identities remain unknown to the Plaintiff at this time.

## EVENTS COMMON TO ALL OR MOST CLAIMS

11. Light Force holds itself out to be a licensed installer of Generac generators in Florida homes. It does this on its Facebook page, and for all relevant periods, on a company webpage.

12. Light Force engages in and affects interstate commerce.

13. The Light Force's reported service area extends from Florida into the neighboring state of Georgia.

14. Light Force advertises nationally and serves second homes of people who have primary residences outside of Florida, which has by far the largest number of second

homes in the country, over one million, constituting over fifteen percent of the national total.

15. Light Force's offered legitimate service is the installation of the products of the Generac corporation, which is a nationwide distributor of generators with its headquarters in Waukesha, Wisconsin, in the Eastern District.

16. The service Light Force promises to provide is an essential determinant of the location within the United States of other commercial activity moreso than other services because it allows individuals to weather seasonal hurricanes and thus encourages their coming to and remaining in Florida and investing and spending there.

17. Light Force is a continuing enterprise that changed the address of its registered agent with the state of Florida in 2024 and as of the date of the submission of this pleading, maintains a physical office and an online presence.

18. In early 2023, Plaintiff contacted Light Force to install a generator in a second home he maintained in Florida. In doing so, Plaintiff relied upon statements by Light Force made on its website and other media in which it offered to perform such service, promising professional conduct and satisfactory results.

19. By March 1, 2023, Plaintiff had begun a series of text exchanges with Tom Glaze, who stated that morning that he was working on a quote for the generator and installation to be performed by Light Force. They also communicated by telephone and email.

20. Glaze confirmed orally and in other communications that Light Force would in fact install a generator for the Plaintiff and oversee all necessary steps to ensure that the generator would operate effectively and legally.

21. Throughout their exchanges, Glaze maintained the portrayal of Light Force as a responsible company that would perform the requested services in exchange for fair payment.

22. Glaze's texts frequently referred to specifications and particular activities required to effectuate the eventual installation of the generator. Each of these statements related to a presumption that continued from statements on the company website and which Glaze made orally to Plaintiff, that Light Force would ultimately order and install a generator at Plaintiff's Florida property, taking care of all necessary steps to complete the task.

23. The premise of all these communications that Light Force was willing and able to perform the requested services and intended to do so was false.

24. On information and belief, Light Force was always aware that there was at least a strong prospect, if not a certainty, that it would ultimately not carry through with the performance of its promises to Plaintiff and would never install a generator for him.

25. On information and belief, the entire process of performing preparatory work necessary for installing a generator was mostly theatrical in order to stall the Plaintiff from pursuing a return of his deposit.

26. Light force intended to deceive Plaintiff and induce him to tender his money and not seek its return premised on his reliance on their deception.

27. Plaintiff reasonably relied on the fraudulent promises and statements of Glaze and Light Force in deciding to tender his money to them and not demand it back for an extended period of time while waiting for them to install a generator.

28. Most or all of the communications from Glaze and Light Force whether via text, email or telephone originated in Florida and terminated in Wisconsin. The locations of the parties are clear from some of the texts. An exchange on August 29, 2023, for example, includes an offer from Plaintiff to deal with Generac directly in person, referring to its office in Wisconsin. Another text from Plaintiff to Glaze in January, 2024 refers to his intention to "be down there [in Florida] next Monday."

29. On or about March 7, Glaze sent an invoice to Plaintiff for the requested project and indicated that there was a deposit required before work would commence, urging that it be paid quickly.

30. The invoice was sent electronically, over email, from Florida, on March 9, 2023, and received by Plaintiff in Wisconsin, within the District.

31. The invoice was a document that promised completion of a variety of services, outlined therein.

32. In separate transmissions on the same day, Glaze sent links to two estimates for Light Force for different options for packages of services it offered. The invoice and two estimates are attached hereto as Group Exhibit A.

33. Plaintiff relied specifically upon the invoice in determining that he would proceed to making a deposit payment to Light Force.

34. At 1:32 p.m., on that date, Glaze texted: "I sent the invoice to you that has it [the generator] next to the house. We can change anything if you want. The main things is to get Generac started building the unit, There is a deposit amount on that invoice. Again we can change add, etc on the invoice but need to get the generator ordered as soon as possible. Not meaning to rush you, just would like to have it installed before hurricane season. Thank you."

35. On March 9, 2023, Plaintiff confronted Glaze on the fact that the invoice was sent for a total cost of $26,000.00 (twenty-six thousand dollars) and gave no indication that less than the full amount was immediately due. Glaze stated that Plaintiff could pay $17,500.00 (seventeen thousand five hundred dollars) as a deposit, and suggested payment by credit card (with a $425.00 surcharge) but Plaintiff decided to send a check.

36. Specifically, at 3:46 pm Glaze texted, "Ok. I will now send the invoice. The deposit amount is on the bottom You should be able to pay the deposit via the link." "Takes a minute to update." "Ok just sent the invoice. You should be able to check the link and pay the deposit. I will get with Generac and order it as soon as I get back to the office." Then at 5:35 pm, "Just sent it via text. There is a link you click on and should bring up the fields to enter." "You can simply enter the deposit amount."

37. Glaze stated that he had informed "the office Manager" that payment was coming. On information and belief, this was Jay Stewart.

38. Plaintiff prepared a check for the requested amount, but amid his other activities forgot to send it until March 21, 2023 when prompted by Glaze, whereupon the check was transmitted.

39. The check was cashed on March 27, 2023 and a receipt issued.

40. On May 9, 2023, Glaze told the Plaintiff that his generator was in the "build cue" [*sic*] at Generac, and that while waiting for it to be assembled and delivered Glaze was coordinating with gas companies to come and assess a fuel supply line for the generator. On May 25, 2023, Glaze provided Plaintiff with an estimate that two to four weeks would be required to complete production of the generator.

41. On July 17, 2023, Glaze indicated to Plaintiff that delivery of the generator was expected in about one to two more weeks, and would be installed at some time thereafter. Glaze also indicated that a landscaper would be needed to remove shrubs from around the installation site. At 3:24 pm, Glaze texted, "Expected Generator delivery date is 7/24. I am working with Blossman for tank availability and pricing. Do not have the estimate in hand yet. We will also have to get a landscaper to remove a few shrubs so we can set the pad. I will call you tomorrow in the a.m. if that is okay to discuss. Thank you."

42. On August 4, 2023, the generator had still not reached Plaintiff's property to be installed. Glaze indicated to Plaintiff that it might arrive the following day.

43. On August 9, 2023, Glaze informed the Plaintiff by text that the gas company would be to the premises on the following day, and the generator, still undelivered, was scheduled to arrive the day after that, August 11, 2023.

44. Between August 9 and August 29, 2023, about three weeks passed without Glaze or anyone from Light Force contacting Plaintiff or indicating any progress on the work that had been ordered and paid for in March of that year. After Plaintiff inquired, Glaze texted back that he had been exchanging messages that day with the owner of the company regarding the Plaintiff's concerns but did not provide the Plaintiff with any substantive information.

45. The Plaintiff made further attempts in September and October to see whether any progress had been made at all on the work he'd paid for. Finally, on October 17 and October 18, 2023, Glaze stated he would be calling others in the office regarding the matter and then asked whether anyone from Light Force had contacted the Plaintiff. Glaze and the Plaintiff discussed the situation and Glaze provided the Plaintiff with direct contact information for "Jay," which on information and belief was Defendant Jay Stewart.

46. The only further communication from Light Force or any of its representatives to the Plaintiff occurred on January 9, 2024 when Glaze directed further inquires to "Adrian" who appeared after further investigation to be an attorney for Light Force.

47. Efforts by the Plaintiff to reach "Jay" or "Adrian" prior to his retaining counsel were unavailing.

48. Prior to January 9, 2024, Plaintiff had demanded either action on his order or return of his deposit. Finally at that point, his patience was exhausted and he indicated he would take necessary steps to recover his deposit.

49. Light Force received and cashed the check for the Plaintiff's deposit and has never returned or offered to return the money. Loss of his Plaintiff's money occurred as a direct result of the fraud engaged in by Light Force through its representatives, and constitutes an injury to his property.

50. Plaintiff was unaware when he engaged the services of Light Force, but subsequently learned, that Light Force has a disreputable public image, and has been frequently accused of fraudulent and dishonest activities, which allegations on information and belief are largely true.

51. An individual who posted a Yelp review on December 4, 2022, Ted B. of Tallahassee, began his review stating, "This company is a fraud." After detailing delays, unresponsiveness, and a myriad of defects and code violations on the part of Light Force, and some of the thousands of dollars of damage he suffered as a result, be concluded by calling Light Force, "the quintessential contractor grifter" and warning others away. According to this account, a representative for Light Force promised installation could be completed within weeks, but a long wait ensued and was never in fact completed because essential parts of the installation were not performed.

52. Kevin Powell reported to an online review site sometime between August 2023 and August 2024 that Jay Stewart in particular would "falsify documents" on behalf of Light Force and rated the company negatively on their responsiveness.

53. In or about early December, 2023, Cyndy Porter was a dissatisfied customer of Light Force. Per her report, she had "nothing but problems and broken commitments" from Light Force when she sought their services.

54. Irene Ford was a Light Force customer whose interaction with them ran, on information and belief, from the summer of 2022 through early 2023. She stated that Light Force had engaged in "bait-and-switch" tactics with her and insisted that they had completed their work when they had not. Her experience caused her to go through hurricane season without the generator power she had contracted Light Force to provide, and led her ultimately to involve public authorities before ultimately settling the matter.

55. Otis Evans reported in 2022 or 2023 that "no one showed up" to a service call he had scheduled with Light Force and the company was unreachable.

56. The above examples are representative of the majority of online reviews from Light Force customers over the past two years. Among the exceptions was an excellent review submitted by "Rob Smith," who on information and belief is the same Robert Smith who is a defendant in this action.

57. The service that Light Force and the individual defendants promise to customers is often a vital one that allows individuals to safely shelter against recurring storms. It is thus particularly reprehensible to profiteer off this need, intentionally taking customers' money and then knowingly leaving them without promised goods and services that would contribute to their comfort, the security of their property, and even their safety and survival.

58. As such, this is a suitable case for exemplary damages.

# FIRST CAUSE OF ACTION:

## ACTS CONTRARY TO RICO ACT SECTION 1962(c)

### Against All Individual Defendants

59. Plaintiff incorporates paragraphs 1-59 as though fully stated herein.

60. On information and belief, and for reasons hereinabove described, each of the individual defendants is a culpable person for purposes of the RICO statute.

61. On information and belief, and for reasons hereinabove described, each of the individual defendants has participated in the conducting of an entreprise, to wit, Light Force, which affects interstate commerce through a pattern of racketeering activity.

62. Each of the individual defendants agreed to and did conduct and participate in the conduct of Light Force's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Plaintiff.

63. Specifically, Tom Glaze repeatedly, on the separate occasions indicated above, transmitted messages to the Plaintiff which individually and collectively misrepresented that Light Force would provide services including the acquisition and installation of a generator, overseeing permitting, the provision of a fuel line and landscaping of the installation site, in order to ensure Plaintiff's home would have an emergency source of electric power. On each occasion, Light Force and Glaze knew that Light Force would not come through on its promises, but made them anyway, because they would induce Plaintiff to rely on them and tender his money to Light Force.

64. In particular, the transmissions of the invoice and estimates conveyed assurances of what services Light Force intended to perform, but these assurances were fraudulent.

65. On information and belief, Stewart actively encouraged Glaze to continue interacting with Plaintiff as a stalling tactic, even though Stewart understood that Light Force would not ultimately provide Plaintiff with any usable service.

66. On information and belief, all the individual defendants were aware that Light Force was engaged in a pattern of fraudulent activity but continued to assist Light Force in ways that contributed to the commission of further fraud.

67. Pursuant to and in furtherance of their unlawful scheme, the individual Defendants committed multiple related acts of wire fraud in violation of 18 U.S.C. § 1343 and unfair trade practices in violation of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C.§ 45(a)(1).

68. In addition to the fraudulent assurances made to the Plaintiff, those made to Ted B. and other customers were predicate acts of fraud and illegal trade practices.

69. The activity of Light Force constituted a scheme to defraud or to obtain money by means of false and fraudulent pretenses to perform work which participants understood would not actually be performed. With the intent to advance this scheme defendant Glaze repeatedly engaged in transmitting pictures, sounds, writings and signals by electronic means in interstate commerce.

70. These acts also constituted unfair or deceptive acts or practices in or affecting commerce.

71. The acts of fraud and unfair trade practices set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C.§ 1961(5).

72. The individual defendants have directly and indirectly conducted and participated in the conduct of the enterprise's (Light Force's) affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C.§ 1962(c).

73. As a direct and proximate result of the individual defendants' racketeering activities and violations of 18 U.S.C.§ 1962(c), Plaintiff has been injured in his business and property in that he was induced to pay the sum of $17,500.00 (seventeen thousand five hundred dollars) as well as spend remunerable time, and forego the acquisition of services from another provider, resulting in his second home in Florida losing power at least four times, denying him the full value and enjoyment of his real property and incurring further losses.


WHEREFORE, Plaintiff respectfully request this honorable court:

1) Order the individual Defendants, jointly and severally, to pay to the Plaintiff treble money damages for the full amount of his losses, to be determined at trial but exceeding $20,000 before trebling;

2) Order the individual Defendants to pay to Plaintiff his actual attorney fees;

3) Order the payment of exemplary damages of an amount to be determined; and

4) Grant whatever further relief the court deems appropriate.


## SECOND CAUSE OF ACTION:

BREACH OF CONTRACT

Against Light Force


74. Plaintiff incorporates paragraphs 1-59 as though fully stated herein.

75. The money-for-services agreement between the Plaintiff and Light Force was a binding contract.

76. Light Force had a duty to perform on its agreement by installing the requested generator at Plaintiff's Florida second home.

77. Plaintiff satisfied any and all conditions precedent for Light Force to be bound to perform, including the payment of the requested deposit.

78. Light Force failed to provide the installation services it had agreed to perform.

79. The facts alleged herein constitute an actionable breach of the agreement.

WHEREFORE, Plaintiff respectfully request this honorable court:

5) Order Light Force to pay to the Plaintiff money damages for the full amount of his losses, to be determined at trial but exceeding $20,000;

6) Order the payment of exemplary damages of an amount to be determined; and

7) Grant whatever further relief the court deems appropriate.

## THIRD CAUSE OF ACTION:

### CONVERSION

### Against Light Force

80. Plaintiff incorporates paragraphs 1-59 as though fully stated herein.

81. The facts alleged herein constitute a tort of Conversion: Plaintiff has an immediate right to possess the deposit that he tendered to Light Force, and by keeping the money, Light Force is exercising dominion over it in a manner inconsistent with that right because it fully deprives Plaintiff of the money and its use, which is an injury to him; Light Force took and retained the money wrongfully because it knew it would not perform the services which it promised in order to take the money.

WHEREFORE, Defendants respectfully request this honorable court:

8) Order Light Force to pay to the Plaintiff money damages for the full amount of his losses, to be determined at trial but exceeding $20,000;

9) Order the payment of exemplary damages of an amount to be determined; and

10) Grant whatever further relief the court deems appropriate.

## FOURTH CAUSE OF ACTION:

### CIVIL FRAUD

### Against Light Force

82. Plaintiff incorporates paragraphs 1-59 as though fully stated herein.

83. The acts complained of herein constituted the tort of civil fraud. They further would constitute fraud under any applicable law, whether the laws of Florida, of Wisconsin, or under federal civil law.

WHEREFORE, Plaintiff respectfully request this honorable court:

11) Order Light Force to pay to the Plaintiff money damages for the full amount of his losses, to be determined at trial but exceeding $20,000;

12) Order the payment of exemplary damages of an amount to be determined; and

13) Grant whatever further relief the court deems appropriate.

## FIFTH CAUSE OF ACTION:

UNFAIR BUSINESS AND TRADE PRACTICES

Against Light Force

84. Plaintiff incorporates paragraphs 1-84 as though fully stated herein.

85. Each of the acts of fraud alleged herein individually and collectively constitute violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), F.S. §§501.201 et seq.

WHEREFORE, Plaintiff respectfully request this honorable court:

14) Order Light Force to pay to the Plaintiff money damages for the full amount of his losses, to be determined at trial but exceeding $20,000;

15) Order Light Force to pay to Plaintiff his actual attorney fees;

16) Order the payment of exemplary damages of an amount to be determined; and

17) Grant whatever further relief the court deems appropriate.

Dated this 5th day of November, 2024.

SIDDIQUE LAW LLC

_____

M. SAMIR SIDDIQUE
WI State Bar No. 1121714
Attorney for Plaintiff

SIDDIQUE LAW LLC
6060 N. 77th Street
Milwaukee WI 53218
(414) 308-6095
attorneysiddique@gmail.com